STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard H. HEUER, Jr., Defendant-Appellant.†

Court of Appeals

*No. 96–3594–CR. Submitted on briefs April 22, 1997.—Decided June 3, 1997.*

(Also reported in 567 N.W.2d 638.)

†Petition to review denied.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Richard H. Heuer, Jr., appeals his conviction on three counts of sexual intercourse or sexual contact with a person under the age of sixteen. Heuer contends that the trial court erred by refusing to permit him to introduce evidence that he lacked the ability to articulate his thoughts and he lacked long-term memory because of an injury he sustained in a snowmobile accident. Heuer's theory is that this evidence

was relevant to demonstrate why he did not take the stand to testify in his defense during the trial. Because we conclude that this evidence was not relevant and properly excluded, we affirm the conviction.

Heuer was charged with having sexual intercourse or sexual contact with three individuals under the age of sixteen. These allegations arose from a party at his home with three minors who consumed alcohol and are alleged to have become intoxicated. During this two-day jury trial, Heuer and his counsel made a strategic decision that Heuer would not take the witness stand. Heuer contends that his decision was based upon his inability to articulate his ideas and his lack of long-term memory which were the result of head injuries he sustained in a snowmobile accident. Heuer sought to introduce evidence of his disjointed thoughts and speech through the testimony of his father. The trial court refused to allow this testimony because it was irrelevant and because the father lacked the necessary expertise to make the medical determination as to the relationship between the accident and Heuer's alleged infirmities.

At the instruction conference, the court offered to read jury instruction 315, which states: "A defendant in a criminal case has the absolute constitutional right not to testify. The defendant's decision not to testify must not be considered by you in any way and must not influence your verdict in any manner." WIS J I—CRIMINAL 315. Heuer and his attorney, however, made a strategic decision not to request the instruction. The offer of proof for Heuer's father's proposed testimony was as follows: "[Richard Heuer, Jr.] cannot remember other than short-term memory. He has no sustained, long-term memory; he has a very difficult time articulating his thoughts. They are terribly dis-

jointed, and it—it—they don't—It's almost like you ask him a question, and his response is not responsive to the question being asked."

The trial court's determination to admit or exclude evidence is a discretionary decision that will not be upset on appeal absent an erroneous exercise of discretion. *State v. Jenkins*, 168 Wis. 2d 175, 186, 483 N.W.2d 262, 265 (Ct. App. 1992). "A proper exercise of discretion consists of the court applying the relevant law to the applicable facts in order to reach a reasonable conclusion." *State v. Jackson*, 188 Wis. 2d 187, 194, 525 N.W.2d 739, 742 (Ct. App. 1994).

In this case, Heuer contends that his theory of defense required him to demonstrate his impairment in testifying to the jury so that the jury would fully understand the reason he elected not to testify during the trial. Heuer asserts that he has an absolute right to present his theory of defense and that the court's exclusion of this evidence was a denial of this right. We disagree.

There is no constitutional right to introduce irrelevant evidence. *State v. Morgan*, 195 Wis. 2d 388, 430, 536 N.W.2d 425, 441 (Ct. App. 1995). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Section 904.01, STATS. Heuer sought to introduce an explanation for his failure to take the stand. Such evidence has no bearing on guilt or innocence and makes no fact of consequence to the determination of his guilt or innocence more or less probable. The proffered testi-

mony, therefore, is not relevant to any issue to be determined in this action.

Because the collateral evidence offered to explain Heuer's failure to testify is not relevant, we need not consider the constitutional implications of allowing a defendant to offer an explanation through other witnesses for the defendant's decision to not testify. Allowing a defendant to make such an explanation could induce juries to anticipate an explanation from every non-testifying defendant which could chill other defendants' exercise of their Fifth Amendment right against self-incrimination. *See Griffin v. California*, 380 U.S. 609, 615 (1965); *see Reichhoff v. State*, 76 Wis. 2d 375, 378–79, 251 N.W.2d 470, 472–73 (1977).

The facts of this case do not present the situation where a defendant actually takes the stand and is unable to offer responsive answers to the questions that are asked and then seeks to introduce evidence to explain his difficulties. Accordingly, we do not address the situation where the defendant has actually testified and offers collateral evidence to explain the nature of the testimony given.

Because we conclude that Heuer's explanation for not taking the witness stand was properly excluded from evidence as irrelevant, the judgment of conviction is affirmed.

*By the Court.*—Judgment affirmed.